Hat, Judge,
delivered the opinion of the court:
The plaintiff, Nelson W. Eider, was an enlisted man in training for an officer of the Reserve Corps, and was in such training from February 9, 1918, to September 13, 1918, inclusive, upon which latter date he was discharged to accept a commission as second lieutenant, Air Service, United States Army.
The plaintiff was in training in the aviation ground course at the school of Military Aeronautics, Urbana, Ill., from February 9, 1918, to April 6, 1918; at Camp Dick, Texas, from April 11,1918, to May 9,1918, on which latter date he was ordered to Taylor Field, Alabama, where he reported on May 12, 1918, and was on duty there from that date until September 13, 1918, and was during this latter period on duty requiring regular and frequent participation in aerial flights.
*326 The act of Congress approved July 18, 1914, 38 Stat. 516, provides that: “ Each aviation enlisted man, while on duty that requires him to participate regularly and frequently in aerial flights, or while holding the rating of aviation mecha-nician, shall receive an increase of 50 per centum in his pay.”
By the act of Congress approved June 15, 191T, 40 Stat. 182, 188, the pay of enlisted men in training for officers of the Deserve Corps was fixed at $100 per month.
By the act of Congress approved July 24, 1917, 40 Stat. 243, it was provided: “ That all officers and enlisted men of the' temporary forces of the Signal Corps, including the aviation section thereof provided for herein, shall be in all respects on the same footing as to pay, allowances, and pensions as permanent officers and enlisted men of corresponding grades and length of service in the Regular Army.”
By the act of Congress approved July 24, 1917, 40 Stat. 245, 247, an appropriation of $640,000,000 was made for the Signal Corps, and in the same act it was provided: “ That hereafter all * * * enlisted men of the aviation section of the Signal Corps shall be paid by quartermaster disbursing officers from funds transferred to their credit from Signal Corps appropriations.”
By the act of Congress approved July 9,1918, 40 Stat. 849, 850, it was provided: “ That funds appropriated by the act approved July 24, 1917, for the fiscal year 1918, entitled ‘ An act to authorize the President to increase temporarily the Signal Corps of the Army * * * and make appropriations therefor and for other purposes,’ and the funds appropriated for the Signal Service of the Army in the act approved May 12, 1917, entitled £An act making appropriations for the support of the Army for the fiscal year 1918 ’ * * * are hereby made available until June 30, 1919.”
The above statutes established the right of the enlisted man when on duty that required him to participate regulaiiy and frequently in aerial flights to receive an increase of 50 per cent in his pay. The act of June 15, 1917, 40 Stat. 182, fixes the base pay of an enlisted man in training for officer of the Reserve Corps at $100 per month. The plaintiff was such an enlisted man; he was ordered to duty which required him to participate regularly and frequently in aerial *327 flights. That duty began on May 12, 1918, and continued to September 13, 1918, and for that period he is entitled to receive $100 per month and 50 per cent thereof in addition. In addition to what he has received he is now entitled to receive $326.22.
The plaintiff claims that he is entitled to receive $6 per month in addition to his pay of $100 per month, and 50 per cent of the $6 while engaged in flying. He claims this by virtue of the act of Congress approved May 18,1917, 40 Stat. 82, which fixes the pay of enlisted men of the Army during the emergency. He claims to come under that class whose base pay is $45 or more per month. But after the passage of that act, the act of June 15, 1917, above referred to, was passed fixing the base pay of enlisted men in training for officers of the Reserve Corps at $100 per month. The plaintiff is such an enlisted man, and is in a class which was specifically legislated for, and whose pay was fixed by a statute subsequent to the act fixing pay for enlisted men generally, and we are of the opinion that he has no right to the $6 additional which he claims.
The Government contends that the provision of the act of June 15, 1917, which established the pay of the plaintiff at $100 per month, expired with the expiration of the appropriations set forth in the act. We are of the opinion that this contention is not tenable because of the provisions of the act of June 24, 1917, and of the act of July 9, 1918, which latter act makes available the appropriations of the act of July 24, 1917, and of the appropriations of the act of May 12, 1917, until June 30, 1919. Nor does it anywhere appear that there was any intention to repeal the provision fixing the pay of enlisted men in training for officers of the Reserve Corps. It is hardly possible to conceive that Congress would at the height of the emergency, while the war was going on, reduce the pay which had been held forth as an inducement to the young men of the country to enter into training for officers in the Reserve Corps.
Judgment will be entered for the plaintiff in the sum of $326.22. It is so ordered.
Graham:, Judge; Downey, Judge; Booth, Judge; and CaMpbell, Chief Justice, concur.